UNITED STATES LEASING
CORPORATION,
**Respondent,**

v.

**BIBA INFORMATION PROCESSING SERVICES, INC., and Roger Haro, defendants and third party plaintiffs, Appellants,**

**and**

**Wang Laboratories, Inc., a third party defendant, Respondent.**

**No. C8–88–2063.**

Court of Appeals of Minnesota.

March 21, 1989.
Review Denied May 24, 1989.

Elliot Rothenberg, John Halpern & Associates, Minneapolis, for U.S. Leasing Corp., respondent.

Alfred Stanbury, Minneapolis, for Biba Information Processing Services, Inc., and Roger Haro, defendants and third party plaintiffs, appellants.

Jeffrey Ansel, Winthrop & Weinstine, St. Paul, for Wang Laboratories, Inc., a third party defendant, respondent.

Heard, considered and decided by LANSING, P.J., and RANDALL and IRVINE *, JJ.

## OPINION

RANDALL, Judge.

This case arises from a commercial transaction between defendants, third party plaintiffs and appellants, Biba Information Processing Services, Inc. and Roger Haro, third party defendant and respondent, Wang Laboratories (Wang), and plaintiff and respondent, United States Leasing Corporation (USLC). We reverse and remand.

## FACTS

Appellant Haro has been operating Biba Information Processing Services, Inc. since 1981. In early 1981, appellants purchased an office information system which included a personal computer and peripheral equipment manufactured by respondent Wang. Appellants also acquired a photo typesetter to type the work product from the office information system. After comparing several, appellants decided on the Wang Model 5548Z (48Z) which was substantially less expensive than typesetters produced by other companies and was compatible with appellants' information system. Appellant Haro, on behalf of appellant Biba, signed the two documents necessary to acquire the 48Z: a Uniform Agreement for Hardware, Maintenance and Soft-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art VI, § 2.

ware Licensing (Uniform Agreement) and a Rental/Lease Agreement (Agreement). Appellants agreed to make 36 monthly payments of $1291.05 to acquire the 48Z and accessories. Wang delivered the 48Z to appellants in January 1982. Upon delivery, Haro examined the equipment and determined that it did not satisfy him. Specifically, the 48Z's print quality was unacceptable to appellants' business use. Nevertheless, Haro accepted the 48Z based on respondent Wang's assurances the problems would be worked out and, on March 15, 1982, signed a Lessee's Acknowledgment (dated January 29, 1982) certifying that the equipment was installed, operated properly and was accepted by appellants under the lease.

In early 1982, pursuant to their Uniform Agreement with respondent, appellants contacted Wang to arrange repairs on the 48Z. On several occasions, Wang sent service personnel to perform any necessary repairs. In July 1982, Wang compared print samples from appellants' 48Z with their own quality standards. On August 18, 1982, after comparing the print, Wang confirmed and reported to appellants that the 48Z operated properly and was free from any defects in materials or workmanship.

On September 15, 1982, appellants notified Wang that they revoked acceptance of the 48Z. However, on March 1, 1983, Wang's Minneapolis District Service Manager, Mr. Schriml, assured appellants Wang would solve the problem with the 48Z. In September 1983, appellants stored the 48Z for pick-up by Wang.

Respondent Wang assigned appellants' Agreement to respondent USLC. USLC notified appellants of this assignment in January 1982. Appellants' Uniform Agreement deposit amounted to two monthly payments, and appellants have refused additional payment because of their dissatisfaction with the print quality of the 48Z. Appellants have been in default since June 20, 1982.

On August 11, 1986, respondent USLC commenced its action against appellants for breach of the Agreement. On October 9, 1986, appellants commenced their action against respondent Wang for breach of express warranty, breach of implied warranty under the Uniform Commercial Code (UCC) and for incidental and consequential damages. Wang moved for summary judgment on appellants' counterclaim, and the trial court granted Wang's motion holding that the UCC's four-year statute of limitations period had expired. The trial court granted USLC's motion for summary judgment stating that consideration of appellant's close connections defense against USLC was unwarranted.

## ISSUES

1. Does Minnesota law govern questions of limitation arising from this transaction?

2. Did the trial court err in granting respondent Wang's motion for summary judgment?

3. Did the trial court err in granting respondent USLC's motion for summary judgment?

## ANALYSIS

### I.

*Statute of Limitations*

The Uniform Agreement states "the validity, construction and interpretation of this sales agreement and the rights and duties of the parties hereto shall be governed by the laws of the Commonwealth of Massachusetts." There is no express agreement to apply Massachusetts law to remedies.

■ It is the law of Minnesota that "[t]he limitation of time within which an action may be brought relates to the remedy and is governed by the law of the forum." *In re Estate of Daniel*, 208 Minn. 420, 427, 294 N.W. 465, 469 (1940); *American Mutual Liability Insurance Co. v. Reed Cleaners*, 265 Minn. 503, 506 n. 1, 122 N.W.2d 178, 180 n. 1 (1963). In *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983), the supreme court stated "[t]his court has for many years followed the almost universal rule that matters of procedure and rem-

edies were governed by the law of the forum state" (citations omitted).

Minnesota is, however, "also committed to the rule that the parties, acting in good faith and without an intent to evade the law, may agree that the law of either state shall govern." *Combined Insurance Co. of America v. Bode,* 247 Minn. 458, 464, 77 N.W.2d 533, 536 (1956) (footnote omitted) (express agreement to construe contract according to Illinois law). *Milliken & Co. v. Eagle Packaging Co.* 295 N.W.2d 377, 380 n. 1 (Minn.1980) (express agreement to apply New York substantive law to agreement).

■ Minnesota has long recognized that statutes of limitation relate to remedy. Minnesota also recognizes the validity of express agreements relating to choice of law. Because choice of law relating to remedy was not expressly agreed upon in the Uniform Agreement, the procedural law of Minnesota relating to limitation of time within which an action may commence governs this transaction.

## II.

### *Wang's Summary Judgment*

■ The trial court granted respondent Wang's motion for summary judgment holding that appellants' claim was barred by the UCC's[1] statute of limitations and concluding, as a matter of law, there was no question of equitable estoppel. "While estoppel is ordinarily a question of fact for the jury, when only one inference can be drawn from the facts, the question is one of law." *L & H Transport, Inc. v. Drew Agency, Inc.,* 403 N.W.2d 223, 227 (Minn. 1987) (citing *Brenner v. Nordby,* 306 N.W. 2d 126 (Minn.1981)). On appeal from summary judgment, the appellate court determines whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Betlach*

v. *Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

■ There was evidence before the trial court that respondent Wang had ongoing contact with appellants regarding their claims of unsatisfactory performance. On September 15, 1982, appellant Haro attempted to revoke acceptance of the 48Z. However, on March 1, 1983, Wang's Mr. Schriml stated he would "do whatever it took" which "could include replacement of the unit." The equipment was not stored until September 1983, approximately six months after Mr. Schriml's statements.

■ "A promise of future action * * * is enough to stop the running of the statute of limitations, without an express mention of the statute." *Sohns v. Pederson,* 354 N.W.2d 852, 855 (Minn.Ct.App.1984). Here, an inference can be drawn that there was a promise of future action on which appellants relied. Therefore, a material question of fact exists whether the statute of limitations was tolled by equitable estoppel.

## III.

### *USLC's Summary Judgment*

■ The trial court also granted respondent USLC's motion for summary judgment concluding that the close connections doctrine need not be considered. We agree that the close connections doctrine argued by appellants is inapplicable. Neither the Uniform Agreement nor the Rental/Lease Agreement are negotiable instruments required to confer holder-in-due-course status. However, appellants pleaded revocation of acceptance as a defense to USLC's complaint, and the trial court did not rule on this issue.

USLC may have admitted the effectiveness of revocation by commencing its action against appellants in August 1986. The UCC's four-year statute of limitations

---

1. The trial court and the parties proceeded on the basis the UCC applied to this transaction. There were no objections. Appellant contends he chose a rental plan which included a purchase option and lease payment credit. Whether a true lease exists or whether the predomi-

nant purpose of this transaction was a sale raises questions of law and fact. These potential questions are not before us under the pleadings in this case, and we need not and do not consider them further today.

commences on the date the contract is breached. Appellants made two months' payments, stopped paying, and breached the contract on June 20, 1982. Therefore, USLC's complaint would be time barred unless the revocation of September 1982 was effective. USLC's complaint may be subject to the same statute of limitations defense Wang is claiming against appellants. A question of fact exists whether appellants' revocation of acceptance was effective. The determination of this issue is material to liability.

Appellants also argue the agreements are severable, the statute of limitations was tolled by the future performance exception to Minn.Stat. § 336.2–725(2) (1982), and the relations back doctrine should apply. These theories were not presented to the trial court and will not be considered by this court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).

## DECISION

We hold that Minnesota procedural law relating to limitations applies to the transaction between appellants and respondents. We reverse the trial court's summary judgments for respondent Wang and for respondent USLC, holding that issues of fact regarding equitable estoppel and revocation of acceptance are unresolved.

**REVERSED AND REMANDED.**