**David ZARETSKY, Appellant,**

**Milton Cohen, Plaintiff,**

v.

**MOLECULAR BIOSYSTEMS, INC., f/k/a Kendrew Biosystems, Inc., et al., Respondents.**

**No. C4-90-1136.**

Court of Appeals of Minnesota.

Dec. 31, 1990.

---

1. This decision does not in any way address Wegner's pending tort action against the City.

Michael L. Martinez, Richard G. Spicer, Spicer, Watson & Carp, Minneapolis, for appellant, plaintiff.

Jeffrey R. Schmidt, Eric J. Magnuson, Amy Kay Adams, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and DAVIES and NIERENGARTEN *, JJ.

## OPINION

DAVIES, Judge.

The issue raised on appeal is whether prejudgment interest was properly calculated under Minnesota (forum) law, even though New York law was followed in determining the substantive right of recovery. We affirm the use of forum law.

## FACTS

The parties disputed the compensation to be paid David Zaretsky and Milton Cohen for their efforts to locate start-up financing for respondent Molecular Biosystems, Inc. The trial court determined the dispute was governed by New York substantive law. The parties exchanged written settlement offers and counteroffers prior to trial, but were unable to reach a settlement. At trial, the jury determined that Zaretsky and Cohen were entitled to recover $80,000 and $10,000, respectively, from respondents Molecular Biosystems and other named principals of the corporation. Zaretsky's and Cohen's post-trial motions for judgment notwithstanding the verdict, new trial, amended findings of fact, and additur were denied by the trial court. Zaretsky and Cohen then filed a motion for taxation of costs, disbursements, and prejudgment interest.

Respondents did not dispute that Zaretsky and Cohen were entitled to prejudgment interest, but maintained the amount should be calculated under Minnesota law, even though New York law governed the substantive right of recovery. The trial court agreed, noting that the amount of

---

* Wm. J. Nierengarten, retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

prejudgment interest under Minnesota law ($8,057.26) was considerably less than the amount that would have been awarded under New York law ($60,085). The difference arose from the offer-counteroffer provision in Minnesota's prejudgment interest statute. Zaretsky alone appeals.

## ISSUE

Should the law of the forum apply to prejudgment interest?

## ANALYSIS

■ We note at the outset that a choice-of-law determination is made on an issue-by-issue, and not case-by-case, basis. *See* Restatement (Second) of Conflict of Laws § 2 comment a(3) (1971). Therefore, the fact that New York substantive law was followed in determining the substantive right of recovery in this case does not in itself resolve the choice-of-law issue concerning prejudgment interest, and we now turn to that issue.

■ In Minnesota, the well-settled rule is that matters of procedure and remedies are governed by the law of the forum.[1] *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn. 1983). The challenge, however, is to decide what matters are procedure.

> The court of the forum, subject only to the limitations of the federal constitution * * *, determines whether a given question involves one of substance or of remedy.

*Anderson v. State Farm Mut. Auto. Ins. Co.*, 222 Minn. 428, 432, 24 N.W.2d 836, 839 (1946) (footnote omitted); *see also* R. Leflar, L. McDougal, III & R. Felix, *American Conflicts Law* § 121 (4th ed. 1986) ("The court before which the question arises is the one that has to decide whether any rule of law, domestic or foreign, will be characterized as substantive or as procedural for choice-of-law purposes."). In this case, the precise issue presented to this court is

whether Minnesota's prejudgment interest statute, Minn.Stat. § 549.09, subd. 1 (1988), is to be characterized as predominantly procedural. If procedural, the Minnesota statute governs the award of prejudgment interest here, otherwise New York law applies. The issue presented is one of first impression in this state.

The Minnesota Supreme Court has stated that

> [i]t has long been recognized that substantive law is that part of law which creates, defines, and regulates rights, as opposed to "adjective or remedial" law, which prescribes method of enforcing the rights or obtaining redress for their invasion.

*Meagher v. Kavli*, 251 Minn. 477, 488, 88 N.W.2d 871, 879–80 (1958). While this definition implies there is a clear line separating substantive rights from procedure, in many situations the distinction between the two is not clear. As the United States Supreme Court has stated,

> [t]he line between "substance" and "procedure" shifts as the legal context changes. "Each implies different variables depending upon the particular problem for which it is used."

*Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945)); *see also Laudenberger v. Port Authority*, 496 Pa. 52, 58, 436 A.2d 147, 150 (1981) (In order to determine whether a rule is substantive or procedural in nature for choice-of-law purposes, the purpose of the rule must be determined.), *appeal dismissed sub nom. Bucheit v. Laudenberger*, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982); *Busik v. Levine*, 63 N.J. 351, 364, 307 A.2d 571, 578 (1973) ("[I]t is simplistic to assume that all law is divided neatly between 'substance' and 'procedure.' A rule of procedure may have an impact upon the substantive result and be

---

1. In *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973), the supreme court adopted a five-factor methodology of analysis for selecting the applicable substantive rule in a conflict-of-law situation. In *Davis*, however, the supreme court specifically held that the analysis adopted in *Milkovich* should not be extended to conflicts of procedure. *Davis*, 328 N.W.2d at 153. This limitation on *Milkovich* was implicitly reaffirmed by the court in *Mech v. Gen. Casualty Co.*, 410 N.W.2d 317, 320 (Minn.1987).

no less a rule of procedure on that account."), *appeal dismissed*, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973).

The majority view among the states has been

> that prejudgment interest, like the issue of damages, is substantive, and the state whose laws govern the substantive legal questions also govern[s] the question of prejudgment interest.

*Cooper v. Ross & Roberts, Inc.*, 505 A.2d 1305, 1307 (Del.Super.Ct.1986). *See generally* 47 C.J.S. *Interest & Usury* § 49 (1982).

The Restatement supports the majority view that prejudgment interest involves a matter of substantive law. *See* Restatement (Second) of Conflict of Laws § 207 comment e (1971). Specifically, this comment to section 207 of the Restatement provides:

> The local law of the state selected by application of the rule of this Section [i.e., the law selected to govern the substantive legal questions] determines whether plaintiff can recover interest, and, if so, the rate, upon damages awarded him for the period between the breach of contract and the rendition of judgment.

*Id.*

■ Despite this authority, we believe the issue ought to be viewed differently. The Minnesota Supreme Court has stated that a dual purpose is served by the award of prejudgment interest:

> (1) to compensate the plaintiff for the loss of use of his money, and, by implication, to deprive the defendant of any gain resulting from the use of money rightfully belonging to the plaintiff; and (2) to promote settlement.

*Burniece v. Illinois Farmers Ins. Co.*, 398 N.W.2d 542, 544 (Minn.1987). Logically the offer-counteroffer provision of the Minnesota prejudgment interest statute is specifically designed to achieve the latter of these two purposes.

■ Minnesota's prejudgment interest statute provides in relevant part:

> Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action, or the time of a written settlement demand, whichever occurs first, except as provided herein. The action must be commenced within 60 days of a written settlement demand for interest to begin to accrue from the time of the demand. If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 60 days. After that time interest on the judgment shall be calculated by the judge in the following manner. The prevailing party shall receive interest on any judgment from the time the action was commenced or a written settlement demand was made * * * until the time of verdict or report only if the amount of its offer is closer to the judgment than the amount of the opposing party's offer. *If the amount of the losing party's offer was closer to the judgment than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment, whichever is less, and only from the time the action was commenced or a written settlement demand was made * * * until the time the settlement offer was made.* Subsequent offers and counteroffers supersede the legal effect of earlier offers and counteroffers.

Minn.Stat. § 549.09, subd. 1(b) (1988) (emphasis added).

As one commentator has noted, the purpose of the offer-counteroffer provision is to

> encourage[ ] an early dialogue between the parties in the hope of settlement. Parties will thus benefit by a reduction in legal expenditures if the process of settling cases is quickened and streamlined. Moreover, nonparties will also benefit if resolvable disputes are removed from the legal system at an earlier stage. * * * The general provision [awarding prejudgment interest] and its exception [i.e. the

offer-counteroffer provision] thus reflect the statute's dual goals of full compensation and encouragement of settlements. Minnesota Developments, *The Minnesota Prejudgment Interest Amendment: An Analysis of the Offer–Counteroffer Provision,* 69 Minn.L.Rev. 1401, 1409–10 (1985) (footnotes omitted).

From the above discussion, it can be concluded that Minn.Stat. § 549.09, subd. 1, contains both substantive and procedural aspects. With respect to substance, the statute provides compensation for the loss of use, i.e., the time-value, of the plaintiff's money. Such compensation appears to be an element of damages designed to make the plaintiff whole. *See Laudenberger,* 496 Pa. at 66, 436 A.2d at 154. But it is substantive in nature as it affects the relationship between the parties as litigants, not as it affects their relationship on the underlying matter in dispute.

The teetering rationale for the majority view was set forth candidly by the New Jersey Supreme Court in *Busik v. Levine,* 63 N.J. 351, 307 A.2d 571 (1973), *appeal dismissed,* 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). In *Busik,* the court stated:

> What then is "interest"? As we have said, it is compensatory as to the parties and *represents "damages" for delay in payment.* "Damages" constitute a "remedy." And "remedy" promptly connotes "procedure." But in the context of conflict of laws, the majority view is that "damages" go to the substance, *i.e.,* that it would disserve the values involved to apply the law of the forum rather than the law of the place of the wrong. The Restatement (2d) of Conflict of Laws (1971), §§ 145 and 171, espouses that view. Prejudgment interest may be deemed to be part of the damages occasioned by the initial wrong, although *one might say that such interest is a remedy for a second wrong, i.e., the delay in payment.* Upon the latter view the situs of that wrong might arguably be the forum. The Restatement (2d) of Conflict

of Laws (1971), § 171, comment c, would apply to prejudgment interest the same rule applicable with respect to the basic damages to determine "whether the plaintiff can recover interest and, if so, at what rate for a period prior to the rendition of judgment as part of the damages for a tort."

*Id.* at 368–69, 307 A.2d at 580 (emphasis added) (citations and footnote omitted). We choose to say what the new Jersey court says "one might say": prejudgment interest is a substantive remedy for a new, litigant's wrong.

With respect to procedure, the offer-counteroffer provision of the statute promotes the early settlement of cases between litigants. In this respect, the statute again applies to the relationship of the parties as litigants. Its application is unrelated to the merits of the case, instead being designed merely to encourage settlement by promoting a settlement dialogue between the disputing parties. This settlement dialogue has the potential to benefit both the parties "before the court" and the legal system of the forum by reducing the number of cases actually going to trial.

In this case, the trial court, while conceding that the statute contains both substantive and procedural facets, found the statute to be more procedural than substantive in nature, stating that "our legislature has subordinated concerns of full compensation to the procedural aim of unclogging the judicial machinery." We agree with this conclusion in light of the purposes of the statute.[2] While the prejudgment interest statute does provide additional compensation to a plaintiff, the payment of damages in the form of prejudgment interest is merely one effect of the procedural purpose of the statute, which is to encourage settlements. As a result, we conclude the trial court did not err in determining the statute to be more procedural than substantive in nature.

In so concluding, we believe we are adopting the rule that may soon become the majority rule. *Cf. In re Air Crash*

---

**2.** We reach this conclusion even though we are reluctant to classify anything as procedural because of the potential that doing so will encourage forum shopping.

*Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*, 720 F.Supp. 1505, 1530 (D.Colo.1989) (under Colorado law, "the law of the forum state applies to [the] issue of prejudgment interest" because of Colorado's strong interest in encouraging pretrial settlements); *Medico Assocs., Inc. v. Smith*, 23 B.R. 307, 315 (Bankr.D.Mass.1982) (Under Massachusetts law, "where interest is allowed for damages for delay under a contract, and not as part of the contract, the amount to be allowed depends on the *lex fori*, i.e., the law of the forum, rather than the substantive law of the contract."). In addition, this conclusion is supported by a recent decision of the Connecticut Court of Appeals finding the Connecticut offer of judgment rule to be "an indigenous procedural device" for encouraging settlement of cases prior to trial. *See Paine Webber Jackson & Curtis, Inc. v. Winters*, 22 Conn.App. 640, 655, 579 A.2d 545, 553 (1990) (Connecticut offer of judgment rule applicable even though New York substantive law followed).

## DECISION

The trial court correctly calculated the award of prejudgment interest by applying Minnesota (forum) law.

Affirmed.