**Wayne E. FREDIN and Kathryn Fredin, Plaintiff,**

v.

**Robert SHARP, Individually and as Trustee of the R and B Sharp Family Trust, Sharp's Inc., Gary Sharp, Glen Wintersteen, Audrey E. Wintersteen, Wintersteen Leasing, Inc., and Steve Wintersteen, Defendants.**

**Civ. No. 6–96–144 (JMR/RLE).**

United States District Court,
D. Minnesota,
Sixth Division.

May 15, 1997.

Gregory Leyh, Independence, MO, for Plaintiffs.

Thomas A. Jacobson, Alexandria, MN, for Robert Sharp Individually and as Trustee of the R and B Sharp Family Tryst, Sharp's Inc., and Gary Sharp.

Thomas D. Jensen, Minneapolis, MN, for Glen Wintersteen, Audrey E.. Wintersteen,

Wintersteen Leasing, Inc., and Steve Wintersteen.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I.   *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Motions of the Defendants for Leave to Amend their Answers in order to assert a statute of limitations defense.

A Hearing on the Motions was conducted on January 21, 1997, at which time the Plaintiffs appeared by Gregory Leyh, Esq., the Defendants Robert Sharp, Individually and as Trustee of the R and B Sharp Family Trust, Sharp's Inc., and Gary Sharp (collectively, "Sharps") appeared by Thomas A. Jacobson, Esq., and the Defendants Glen Wintersteen, Audrey E. Wintersteen, Wintersteen Leasing, Inc., and Steve Wintersteen (collectively, "Wintersteens") appeared by Thomas D. Jensen, Esq.

For reasons which follow, the Motion is granted.[1]

### II.   *Factual and Procedural History*

This action arises out of a lease of dairy cattle.  By way of background, on April 22, 1993, the Plaintiffs, who operate a dairy farm in Farwell, Minnesota, entered into a lease with the Defendants to acquire dairy cattle for the purpose of expanding their herd. The Plaintiffs entered into successive leases with the Defendants, on August 15, 1993, June 1, 1994, and April 29, 1995.  The Sharps are engaged in the dairy cattle sales and leasing business, while the Wintersteens are investors who buy dairy cattle, from vendors such as the Sharps, and subsequently lease the cattle to dairy farmers.

The Plaintiffs contend that, "within days of the[ir] receipt" the leased cattle "began to suffer from substantial debilitating illnesses, followed in many cases by the death of the animal."  *Complaint,* ¶ 13.  In their Complaint, the Plaintiffs assert common law claims of fraud and misrepresentation, negligence, products liability, and breach of contract.  In addition, the Plaintiffs assert statutory claims under the Minnesota Deceptive Trade Practice Act, see, *Minnesota Statute Section 325D.44,* and the Minnesota Prevention of Consumer Fraud Act, see, *Minnesota Statute Section 325F.68.*  By this Motion, the Sharps seek to amend their Answer so as to allege a statute of limitations defense.  The Plaintiffs oppose the Motion on the grounds of futility and untimeliness.

### III.   *Discussion*

A.   *Standard of Review.*  Where, as here, the parties have exchanged their initial round of pleadings, Rule 15(a), Federal Rules of Civil Procedure, describes the appropriate procedure for amending a pleading as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party;  and leave shall be freely given when justice so requires.  * * *

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962);  see also, *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989).

---

1.   After the Hearing in this matter, counsel for the Wintersteens, by letter dated January 21, 1997, withdrew their Motion to assert a statute of limi-

tations defense.  Accordingly, we do not consider their Motion further.

It is well-settled that leave to amend an Answer should be denied if the proposed defenses are legally insufficient. As this Court recently observed, "if the amended defenses are legally insufficient so as to invite a motion to strike under Rule 12(f) it would serve no purpose to allow the amendment over the plaintiff's objections." *Medical Graphics Corp. v. Hartford Ins. Co.,* 171 F.R.D. 254, 257 (D.Minn.1997), quoting *Schaghticoke Tribe of Indians v. Kent School Corp.,* 423 F.Supp. 780, 783 (D.Conn.1976); see also, *Federal Deposit Ins. Corp. v. Coble,* 720 F.Supp. 748, 750 (E.D.Mo.1989) (noting that the standards for granting motion to strike and motion for leave to amend "collapse into an inquiry as to the legal sufficiency of the proposed amendment"); *3 J. Moore, Federal Practice* ¶ 15.08[4], at 15–81 ("If a proposed amendment is objected to on the ground of legal insufficiency, the court should apply the same test that is used when the legal sufficiency of a pleading is challenged under Rule 12(b)(6) or (f)."); cf., *Humphreys v. Roche Biomedical Laboratories, Inc.,* 990 F.2d 1078, 1082 (8th Cir.1993) (standard applied in futility analysis is the same as that invoked in a Motion to Dismiss). Accordingly, "[a] motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977).

In considering the propriety of an amendment to a pleading, the policy of the Federal Courts, as exhorted by the Federal Rules, is to "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits," and to avoid an approach which would relegate the process to "a game of skill in which one misstep by counsel [might] be decisive to the outcome." *Foman v. Davis,* supra, at 181–82, 83 S.Ct. at 230, quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

In the final analysis, the granting of a Motion to amend the pleadings is vested in the sound discretion of the Trial Court. *Ryan v. Sargent,* 969 F.2d 638, 641 (8th Cir.1992), cert. denied, 506 U.S. 1061, 113 S.Ct. 1000, 122 L.Ed.2d 150 (1993); *Thomp-*son–El v. Jones, supra at 67, citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

B. *Legal Analysis.* In opposing the Motion to Amend, the Plaintiffs contend that the proposed statute of limitations defense is futile. They advise that all of the Defendants were served with process on April 22, 1996, with the exception of Steve Wintersteen, who was served on June 6, 1996. See, *Exhibits A and B,* attached as *Plaintiffs' Opposition to Defendants' Motions.* According to the Plaintiffs, the applicable statutes of limitations is provided by Minnesota law, which prescribes a four-year limitations period as to products liability claims, and a six-year limitations period as to their remaining claims. See, *Minnesota Statutes Section 541.05.*

In turn, the Sharps argue that the Plaintiffs' statutory, and their products liability claims, are governed under the limitations period prescribed by South Dakota law. Under South Dakota law, products liability claims must be raised within three years of the date on which the damage became known, or should have become known, to the claimant. In addition, claims under the South Dakota Trade Practices, and its Consumer Protection Act, must be raised "two years after the occurrence of discovery of the conduct which is the subject of the action." *South Dakota Statutes Section 37–24–33.* Given that the Sharps were served on the last day of the third year, after the parties entered into the first lease, we must determine whether the laws of Minnesota, or those of South Dakota, should properly control the statute of limitations issue, as it pertains to the Plaintiffs' statutory claims.

Of course, a Federal Court, which has jurisdiction over a case by virtue of the diversity of the parties' citizenship, must apply the forum State's conflict of law rules. *Northwest Airlines Inc. v. Astraea Aviation Services, Inc.,* 111 F.3d 1386, 1393–94 (8th Cir.1997), citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Under Minnesota law, the first consideration is whether "the law at issue is substantive or

procedural," which, in turn, is determined by the law of the forum. *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir.1995), cert. denied, —— U.S. ——, 116 S.Ct. 67, 133 L.Ed.2d 28 (1995). If the law is procedural, we apply the law of the forum. *Id.* In contrast, if the law is substantive, "the choice of law analysis continues to the next step." *Id.*, citing *Gate City Fed. Sav. & Loan Ass'n v. O'Connor*, 410 N.W.2d 448, 450 (Minn.App. 1987), rev. denied, (Minn. October 21, 1987).

■ "In Minnesota, the well-settled rule is that matters of procedure and remedies are governed by the law of the forum." *Zaretsky v. Molecular Biosystems, Inc.*, 464 N.W.2d 546, 548 (Minn.App.1990), citing *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983) (Minnesota follows "the almost universal rule that matters of procedure and remedies [are] governed by the law of the forum state."). Since, "[u]nder Minnesota law, 'statute of limitations relate to remedy' and therefore are procedural, [ ] the period of time after accrual within which a party may bring an action is controlled by Minnesota law if the forum is in Minnesota." *Nesladek v. Ford Motor Co.*, supra at 736–37, quoting *U.S. Leasing v. Biba Info. Processing*, 436 N.W.2d 823, 826 (Minn.App.1989) (citing the "long recognized" rule that "statutes of limitations relate to remedy," the Minnesota Court of Appeals applied Minnesota law relating to "limitation of time within which an action may commence"), rev. denied (Minn. May 24, 1989); see also, *Cuthbertson v. Uhley*, 509 F.2d 225, 226 (8th Cir.1975) (applying Minnesota statute of limitations in medical malpractice action, rather than North Dakota statute, for purposes of determining when limitations period began to run, since "Minnesota follows the general rule that procedural law of the forum applies and that statutes of limitations are procedural").

■ In urging that the Court should apply the limitations period prescribed by South Dakota law, the Sharps rely on the following choice of law provision, which is contained in the dairy cattle leases at issue:

> This lease shall be governed and construed under the Laws of the State of South Dakota. Each of the parties is willing to and does hereby assume joint responsibility for the form and composition of each and all of the contents of this Lease, and they further agree that this instrument shall be interpreted as though each of the parties participated equally in the composition of this instrument, and each and every part thereof.

*April 23, 1993 Lease of Dairy Cattle*, at ¶ 28, attached to *Sharps' Memorandum in Support of Motion to Amend.*

■ Standing alone, however, this provision does not mandate the application of South Dakota limitations periods, since general choice of law provisions ordinarily incorporate only substantive law. Under facts, which were similar to those now before us, the Minnesota Court of Appeals, in *U.S. Leasing v. Biba Info. Processing*, supra at 823–24, concluded that the parties' choice of law provision, which provided that the contract would be governed and construed by non–Minnesota law, did not displace Minnesota procedural law. In so concluding, the Court reasoned that the "choice of law relating to remedy was not expressly agreed upon in the contract." *Id.* We note that this conclusion is in accord with the prevailing authority, which holds that, unless the parties expressly agree to apply the statute of limitations of another state, general choice of law provisions, as expressed in contracts, incorporate only substantive law, and do not displace the procedural law of the forum state. See, e.g., *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir.1994); *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179–80 (3d Cir.1992); *Federal Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142–43 (10th Cir.1985); *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981). Here, the provision at issue no more addresses the law applicable to remedies, than does the provision before the Court in *U.S. Leasing*. Therefore, we conclude that the choice of law provision in the Lease Agreement does not displace Minnesota procedural law.

■ Nevertheless, for the purposes of this Motion, the parties' selection of South Dakota law cannot be ignored. This is so because an exception to the general rule— that statutes of limitations are procedural—

exists where a statute of limitations does not merely bar the remedy for the violation of a right, but limits or conditions the right itself. Thus, under Minnesota law, a statute of limitation is "substantive" when it applies to a right created by statute, as opposed to a right recognized at common law. As the Minnesota Supreme Court has explained:

> Where the time limitation conditions the right, it fixes the time within which suit must be brought wherever the right may be asserted. The time so fixed is regarded as a condition and not a statute of limitation. The lex loci therefore governs as to the time within which such actions must be brought.

*In re Daniel's Estate,* 208 Minn. 420, 430, 294 N.W. 465, 470 (1940), citing *Negaubauer v. Great Northern Ry. Co.,* 92 Minn. 184, 99 N.W. 620 (1904); accord, *The Harrisburg,* 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358 (1886) (where the statute includes a limitations provision, "[t]he time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone[;][i]t is a condition attached to the right to sue at all"), overruled on other grounds, *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 409, 90 S.Ct. 1772, 1792, 26 L.Ed.2d 339 (1970), quoted in *Lujan v. Regents of University of California,* 69 F.3d 1511, 1517 (10th Cir.1995).

Citing *Negaubauer v. Great Northern Ry. Co.,* supra, the Sharps contend that the statutes of limitations in the Minnesota, and in the South Dakota Deceptive Trade Practice and Consumer Fraud Acts, are substantive, and therefore, the choice of law provision mandates that we apply the two-year provision set forth in the South Dakota statute.

In *Negaubauer,* an action was brought, in Minnesota, under the wrongful death statute of Montana, which proscribed a three-year limitations period. In contrast, the Minnesota statute, which was otherwise the same as that of Montana, provided that an action could be brought within two years. The Court held that the Montana statute governed, as to the time for bringing the action, since the time limitation pertained to the right. Unlike the Plaintiff in *Negaubauer,* however, the Plaintiffs in this case have asserted Minnesota statutory claims. Accordingly, the proposed statute of limitations defense is legally sufficient, for the purposes of this Motion, to the extent the parties' choice of law provision is held to bar the Plaintiffs' Minnesota Statutory causes of action, and the Court, in that void, applies the analogous South Dakota Statute in their place. Notwithstanding that Minnesota Courts are " 'committed to the rule' that parties may agree that the law of another state shall govern their agreement," *Milliken & Co. v. Eagle Packaging Co.,* 295 N.W.2d 377, 380 n. 1 (Minn.1980), quoting *Combined Ins. Co. of Am. v. Bode,* 247 Minn. 458, 464, 77 N.W.2d 533, 536 (1956), it is not clear whether the Plaintiffs' Minnesota statutory claims survive the parties' designation of South Dakota law. Compare, *Thompson and Wallace of Memphis v. Falconwood Corp.,* 100 F.3d 429, 431–32 (5th Cir.1996) (choice of law provision did not preclude application of Texas Deceptive Trade Practice Act); *Valley Juice v. Evian Waters of France,* 87 F.3d 604, 612 (2nd Cir.1996) (same conclusion as to application of Massachusetts Unfair Trade Practices Act); with *Procter & Gamble Co. v. Bankers Trust Co.,* 925 F.Supp. 1270, 1288 (S.D.Ohio 1996) (choice of law provision barred claim under Ohio Deceptive Trade Practices Act). Given the context of a Rule 15(a) Motion to Amend, and without the benefit of appropriate briefing, we are reluctant to rule on the intriguing issue of whether to apply the South Dakota Deceptive Trade Practices and Consumer Protection Act, in the place of the corresponding Minnesota Statutes. These legal issues, which concern the applicable statute of limitations, should be raised, if at all, by an appropriate dispositive Motion. Accordingly, we grant the Motion to Amend, but without prejudice to the Plaintiffs' opportunity to renew their argument, that the contractual choice of law provision, does not bar their Minnesota Statutory claims.[2]

---

**2.** Likewise, our decision to permit the proposed amendment is without prejudice to the renewal of the Plaintiffs' contention that the forum selection clause is invalid, because of fraud, and that the limitations period is subject to tolling under the doctrine of fraudulent concealment. We

NOW, THEREFORE, It is—

ORDERED:

1. That the Sharps' Motion for Leave to Amend their Answer, in order to assert a statute of limitations defense [Docket No. 56], is GRANTED.

2. That the Sharps are directed, forthwith, to serve and file a First Amended Answer as allowed by this Order.

3. That the Clerk of Court denote that the Wintersteens' Motion to Amend their Answer [Docket No. 53] as WITHDRAWN.

merely note that, on the basis of the Record before us, the Plaintiffs have failed to establish, as a matter of law, that we should invalidate the forum selection clause, or that the limitations period should be tolled. See, e.g, *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 739 (8th Cir.1989) ("Some evidence of oppressive, unreasonable or unfair use of superior bargaining position, as in a contract of adhesion, is required before a court can justifiably disregard a mutually agreed upon choice of law clause."). While the Plaintiffs may ultimately establish these claims, "we leave this fact-driven determination to a later day." *Medical Graphics Corp. v. Hartford Ins. Co.*, 171 F.R.D. 254, 263 (D.Minn.1997).

Lastly, we reject the Plaintiffs' contention that the Motion should be denied on the ground that it is untimely. While we are mindful that the matter was heard six days after the expiration of the deadline set by this Court's Pretrial Scheduling Order, the Plaintiffs have failed to demonstrate how they would be prejudiced by our allowance of the proposed amendment. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979) (finding no prejudice in allowing amendment to assert a statute of limitations defense "because the limitations rule, if applicable would be effective at the outset of [appellants'] suit"). The mandate of Rule 1, Federal Rules of Civil Procedure, is not honored when issues, which go to the substance of a claim, are ignored without compelling cause to do so.