**SCHWAN'S SALES ENTERPRISES, INC., Plaintiff–Appellee,**

v.

**SIG PACK, INC., Doboy Division, Defendant–Appellant.**

No. 06–1571.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 16, 2006.

Filed: Feb. 9, 2007.

William M. Hart, argued, Minneapolis, MN (Michael D. Hutchens, on the brief), for Appellee.

Paul E. Darsow, argued, Minneapolis, MN (James F. Mewborn, on the brief), for Appellant.

Before MELLOY, BEAM, and BENTON, Circuit Judges.

MELLOY, Circuit Judge.

SIG Pack, Inc., Doboy Division ("Doboy") appeals from an order of the district court [1] awarding prejudgment interest to Schwan's Sales Enterprises, Inc. ("Schwan's") on a breach-of-contract counterclaim. Doboy argues that the district court erred in applying Minnesota law regarding prejudgment interest and should have applied Wisconsin law pursuant to a choice-of-law provision in the contract at issue in the lawsuit. We affirm.

## I. BACKGROUND

This case arises out of a contract between Doboy and Schwan's by which Doboy was to design, manufacture, and install portions of a new frozen-pizza production line at a Schwan's facility. That contract included a choice-of-law provision, which stated that "[t]he validity, interpretation, and performance of this contract shall be governed by and construed in accordance with the laws of the State of Wisconsin."

The parties had a number of disputes regarding the performance of the new production line, culminating in Doboy's decision to sue Schwan's in the United States District Court for the District of Minnesota. Schwan's counterclaimed for breach of contract. The jury found in favor of Schwan's on its counterclaim and awarded $524,746 in damages.

After the district court entered judgment against Doboy, Schwan's moved to amend the judgment to award prejudgment interest under Minnesota law. Minn.Stat. § 549.09. Doboy contested this motion, arguing that the court should apply Wisconsin law governing prejudgment interest pursuant to the choice-of-law provision in the parties' contract. Under Wisconsin law, Schwan's would have had to prove that the amount of damages was "capable of determination by application of some fixed standard" at the time of the breach. *Anderson v. State Labor & Indus. Review Comm'n*, 111 Wis.2d 245, 330 N.W.2d 594, 601 (Wis.1983). The Minnesota statute governing prejudgment interest imposed no similar requirement. Minn.Stat. § 549.09.

The district court rejected Doboy's arguments and awarded $97,617 under the Minnesota statute governing prejudgment interest. On appeal, Doboy argues only that the district court erred in failing to apply Wisconsin law regarding prejudgment interest.

## II. DISCUSSION

In diversity cases, we apply substantive state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Prejudgment interest is a substantive matter of state law for the purposes of Erie. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir.2003). This does not, however, answer the question of *which* state's prejudgment interest law should apply. To determine that issue, we look to the conflict-of-law principles of the state where the district court sits. *Klaxon Co. v. Stentor Elec.*

---

1. The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

*Mfg.* Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co.*, 325 F.3d 1024, 1027 (8th Cir.2003). The question of which state's law to apply is a legal one, and we review the district court's determination de novo. *Interstate Cleaning Corp.*, 325 F.3d at 1027.

■■■■ Because this case arises out of the breach of a contract that contained a choice-of-law provision, we must consider the effect of that provision upon the above analysis. Minnesota courts are "committed to the rule that parties may agree that the law of another state shall govern their agreement and will interpret and apply the law of another state where such an agreement is made." *Milliken & Co. v. Eagle Packaging Co.*, 295 N.W.2d 377, 380 n. 1 (Minn.1980) (internal quotation omitted). This rule is not absolute, however. Even in the face of a general, contractual choice-of-law provision, Minnesota courts apply Minnesota law regarding matters of procedure and remedies. *U.S. Leasing v. Biba Info. Processing Servs., Inc.*, 436 N.W.2d 823, 825–26 (Minn.Ct.App.1989) (holding that Minnesota procedure and remedies apply to a breach-of-lease case because, while the lease included a choice-of-law provision designating Massachusetts law to govern their dispute, that provision did not expressly state a choice-of-law with regard to procedure and remedies). Indeed, Minnesota courts generally apply their

state's own procedure and remedies in all cases involving conflicts of laws, whether the parties' have a choice-of-law agreement or not. See *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983) ("We hold that when conflicts of procedure arise, the *lex fori* is to be applied.").[2] If the parties wish for the application of another state's law concerning such procedural and remedial matters, they must expressly state it in their agreement. *U.S. Leasing*, 436 N.W.2d at 826. The parties did not do so here; the language of their choice-of-law provision is virtually identical to the provision at issue in *U.S. Leasing*.[3]

■■■■ Although we consider prejudgment interest a matter of substantive law for the purposes of *Erie* (and thus federal courts must apply *some* state's law to the issue), this does not answer the question of whether prejudgment interest is a matter of substantive or procedural law for the purposes of determining which state's law to apply. As the Supreme Court has stated, there is not "an equivalence between what is substantive under the *Erie* doctrine and what is substantive for the purposes of conflict of laws." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 726, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988). Thus, Minnesota courts may consider prejudgment interest to be a procedural or remedial issue to be governed by the law of the forum state, and they have done so. See *Zaretsky v. Molecular Biosystems, Inc.*,

---

**2.** Later cases have called this statement in *Davis* into question, at least with regard to statute-of-limitations conflicts. See *Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 5 (Minn.Ct. App.2003) (noting that "[t]here is some ambiguity" as to whether Minnesota courts always apply Minnesota statutes of limitations, even though they generally view them as procedural). The Minnesota Supreme Court has not spoken on the issue since *Davis*, however. To the extent that *Danielson* and other Minnesota Court of Appeals cases conflict with *Davis*, we note that we are bound to apply state law

"as declared by its Legislature in a statute or by its highest court in a decision." *Erie*, 304 U.S. at 78, 58 S.Ct. 817.

**3.** The contractual choice-of-law provision at issue in *U.S. Leasing* reads as follows: "the validity, construction and interpretation of this sales agreement and the rights and duties of the parties hereto shall be governed by the laws of the Commonwealth of Massachusetts." *U.S. Leasing*, 436 N.W.2d at 825 (quotation omitted).

464 N.W.2d 546, 548–51 (Minn.Ct.App. 1990) (holding, as a matter of first impression, that prejudgment interest is procedural for choice-of-law purposes because it "promotes the early settlement of cases between litigants" and predicting that its characterization "may soon become the majority rule"). Accordingly, we agree with the district court that the issue of prejudgment interest—a matter of substantive law for Erie purposes—is a procedural matter for conflict-of-laws purposes under Minnesota law. Therefore, we also agree that Minnesota's prejudgment interest statute applies in the absence of an choice-of-law provision that expressly governs procedural matters.

Doboy disagrees, first arguing that Minnesota's rules regarding conflicts-of-law are irrelevant to this case because the parties chose Wisconsin law to govern the interpretation of their contract, including the choice-of-law provision. In essence, Doboy contends that the district court began its analysis at the wrong starting point. According to Doboy, the district court should have first given the choice-of-law provision the effect it would have under Wisconsin law; if it had done so, Doboy asserts that the district court would have found that Wisconsin law governing prejudgment interest applies. Doboy claims that Wisconsin courts, like Minnesota courts, construe general choice-of-law agreements as governing the choice of substantive law; unlike Minnesota courts, however, Doboy asserts that Wisconsin courts view prejudgment interest as a matter of substantive state law.[4] Doboy's argument boils down to the following: the district court should have determined the scope of the choice-of-law provision under Wisconsin law and, had it done so, it would have found that Wisconsin law governing prejudgment interest applies to the breach of contract here.

■ The logic of this argument suffers from some circularity. Doboy essentially argues that the district court should have determined the effect of the choice-of-law provision under the law of the parties' chosen state; this would basically give effect to that provision *before* the court's analytical determination of what effect it should have. The Restatement (Second) of Conflict of Laws addresses this issue in a section addressing contractual choice-of-law provisions:

> The reference, in the absence of a contrary indication of intention, is to the "local law"[5] of the state of the applicable law and not to that state's "law," which means the totality of its law including its choice-of-law rules. Values of certainty of result and ease of application dictate that the forum should apply the local law of the selected state and not concern itself with the complications that might arise if the forum were to apply that state's choice-of-law rules.... It should be reiterated that in the contracts area the forum, in the absence of a contrary indication of intention, will not apply the choice-of-law rules of another state.

Restatement (Second) of Conflict of Laws § 186 cmt. b (cross-references omitted); see *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.,* 414 F.3d 325, 333 (2d Cir.2005) (noting that "courts consider the scope of a contractual choice-of-law clause to be a threshold question" and "determine a choice-of-law clause's scope

4. We assume, without deciding, that Doboy's statement of Wisconsin law is accurate.

5. The Restatement defines the "local law" of a state as "the body of standards, principles and rules, exclusive of its rules of Conflict of Laws, which the courts of that state apply in the decision of controversies brought before them." Restatement (Second) of Conflict of Laws § 4(1).

under ... the law of the forum"). Here, the parties did not expressly provide that Wisconsin's choice-of-law rules would apply in interpreting the scope and effect of their contract. Thus, the district court did not err in applying Minnesota law to ascertain the effect of the choice-of-law provision in their contract.

Doboy also argues that the district court erred in failing to apply Minnesota's five-factor test for conflicts of substantive law on the matter of prejudgment interest. See *Jepson v. Gen. Cas. Co. of Wis.*, 513 N.W.2d 467, 470 (Minn.1994) (reciting the five factors). This argument assumes that the district court erred in finding that Minnesota courts consider prejudgment interest to be a matter of procedural law. It did not, for the reasons noted above, and therefore this argument lacks merit.

## III. CONCLUSION

The district court's well-reasoned decision correctly analyzed this issue and properly applied Minnesota law regarding prejudgment interest. Therefore, we affirm the judgment of the district court.