**Earl CUTHBERTSON, Appellant,**

v.

**Dr. C. G. UHLEY, Individually, the Northwestern Clinic, a partnership, and the Bethesda Hospital Association, a corporation, now known as the Riverview Hospital Association, Appellees.**

No. 74–1603.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1975.

Decided Feb. 3, 1975.

Raymond A. Lamb, Moorhead, Minn., for appellant.

Edmund M. Odland, Erickson, Erie & Odland, Crookston, Minn., for appellee, Bethesda Hospital.

Gerald S. Rufer, Rufer, Hefte, Pemberton, Schulze & Sorlie, Fergus Falls, Minn., for appellees, Uhley and Northwestern Clinic.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

The sole issue on appeal is whether the Minnesota statute of limitations or the North Dakota statute of limitations applies to this medical malpractice suit brought in the United States District Court for the District of Minnesota. The District Court, in an unpublished decision, applied the Minnesota statute and dismissed the action. It held that the Minnesota Supreme Court would, under its better-law methodology adopted in Milkovich v. Saari, 295 Minn. 155, 203 N.W.2d 408 (1973), find the Minnesota statute to be the better law and bar the action. We affirm on different grounds.

Earl Cuthbertson, a North Dakota resident, brought this action against Dr. E. G. Uhley, a Minnesota resident, Northwestern Clinic, a Minnesota partnership, and Bethesda Hospital, a Minnesota corporation, now known as Riverview Hospital Association, alleging negligent treatment of a laceration to his right arm. Jurisdiction was based on diversity.

The statute of limitations for medical malpractice is two years in both Minnesota and North Dakota.[1] The Minnesota statute, however, begins to run from the termination of the treatment, Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc., 291 Minn. 145, 190 N.W.2d 77 (1971), while the North Dakota statute begins to run from the discovery of the cause of action, Iverson v. Lancaster, 158 N.W.2d 507 (N.D.1968). The action here is not barred under the North Dakota statute. The appellant argues that the Minnesota Supreme Court would apply the North Dakota statute here because it is the better law.

We must follow the choice-of-law rules of the forum state in resolving the issue presented. Klaxon v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The appellant's reliance on the better-law analysis announced in Milkovich v. Saari, supra, is misplaced. That case adopted a choice-of-law methodology to be applied to conflicts between substantive law; it did not address the issue here. When the conflict is between the procedural law, Minnesota follows the general rule that procedural law of the forum applies and that statutes of limitations are procedural. See American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N.W.2d 178, 180, n. 1 (1963); Allen v. Nessler, 247 Minn. 230, 76 N.W.2d 793, 798–799 (1956); Knipfer v. Buhler, 227 Minn. 334, 35 N.W.2d 425, 426 (1948); In Re Daniel's Estate, 208 Minn. 420, 294 N.W. 465, 469 (1940); Weston v. Jones, 160 Minn. 32, 199 N.W. 431, 432–433 (1924); Restatement, Second, Conflict of Laws § 142; Leflar, American Conflicts Law 303–305 (1968). That rule governs the disposition of the issue presented here.

The decision of the District Court is

Affirmed.

---

1. The Minnesota statute, M.S.A. § 541.07, provides in pertinent part:

Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within two years:
(1) * * * all actions against physicians, surgeons, dentists, hospitals [and] sanitoriums, for malpractice, error, mistake or failure to cure, whether based on contract or tort; * * *

The North Dakota statute, N.D.C.C. § 28–01–18, provides in pertinent part:
* * * The following actions must be commenced within two years after the cause of action has accrued:

* * * * * *

3. An action for the recovery of damages resulting from malpractice.