DOROTHY WATKINS, Plaintiff-Appellant, *v.* THE HEALTH AND
HOSPITALS GOVERNING COMMISSION OF COOK COUNTY *et al.*,
Defendants-Appellees.

First District (4th Division)   No. 78-557

Opinion filed November 15, 1979.

Sheldon Oliver Zisook, Ltd., of Chicago (Reid S. Neuman, of counsel), for
appellant.

Calvin Sawyier, of Chicago, for appellee Health and Hospitals Governing
Commission.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Dorothy Watkins, brought an action for medical
malpractice to recover for the loss of her right leg at the knee. The
defendant, Health and Hospitals Governing Commission of Cook County
(commission) moved to dismiss the complaint and amended complaint
on the grounds that the suit was barred by the applicable statute of
limitations (Ill. Rev. Stat. 1973, ch. 85, pars. 8—101, 8—102, 8—103). The
motion was allowed by the trial court. Plaintiff moved to vacate the order
of dismissal and the court denied the motion. Plaintiff appeals from that
order. We reverse.

The issue to be determined is whether the statute of limitations
begins to run when the injured party discovers, or should have reasonably
discovered, not only the nature of her injury but also that the injury may
have been wrongfully caused.

The complaint as amended alleged that on or about January 16, 1973, plaintiff was confined to Cook County Hospital for treatment of a kidney infection. The course of treatment specifically required that she be injected with a certain type of dye in connection with one of the tests being performed upon her. As a result of the dye injection, plaintiff developed blood clots, ultimately necessitating the amputation of her right leg at the knee. She was discharged from the hospital in May 1973 and continued treatment at Cook County Hospital until September 23, 1974. On September 23, 1974, she was advised that the amputation of her leg was the result of the negligent care and treatment given by Cook County Hospital.

On November 27, 1974, the commission was served with notice of plaintiff's claim. On August 7, 1975, the County of Cook was also served with statutory notice of the asserted cause of action.

Plaintiff's original complaint was filed on September 23, 1976. On March 21, 1977, the commission moved to dismiss the complaint. An amended complaint was thereafter filed on June 22, 1977. On July 25, 1977, the commission filed a motion to dismiss plaintiff's amended complaint, based on the statute of limitations of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, pars. 8—101, 8—102, 8—103). That act provides that an action must be commenced within 2 years from the date the "injury was received or the cause of action accrued." It also provides a written notice upon the commission within 1 year. The trial court granted the defendant's motion to dismiss on October 14, 1977. Plaintiff then filed her motion to vacate the dismissal order. On December 30, 1977, the trial court denied plaintiff's motion to vacate the order of dismissal. Plaintiff appeals that order.

Plaintiff contends that the applicable statute of limitations begins to run when the injured party knew, or should have known, both that she had a physical injury and that the injury was the result of someone's negligence.

The statute of limitations applicable to plaintiff's malpractice claim is section 21.1 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 22.1), which provides in relevant part:

> "No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State * * * shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, * * * of the existence of the injury or death for which damages are sought in the action * * *, but in no event shall such action be brought more than 5 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."

The commission, in filing its motion to dismiss, relies on sections 8—102 and 8—103 of the Local Governmental and Governmental Employees Tort Immunity Act. Section 8—102 requires written notice of the claim within 1 year of the injury or cause of action, and section 8—103 sets forth the effect of failure to serve notice. These two sections of the Act apply to any actions brought for alleged malpractice at Cook County Hospital.

The issue in this case revolves around the application of the statute of limitations. Defendant relies on the Local Governmental and Governmental Employees Tort Immunity Act in its dismissal action because of Cook County Hospital's involvement. However, both the Limitations Act and the Local Governmental and Governmental Employees Tort Immunity Act have the same statutory limitations. First, we consider the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 22.1) in determining whether plaintiff's cause of action was wrongfully dismissed.

As first announced in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, section 21.1 of the Limitations Act has been called the "discovery rule." The rule was later applied in medical malpractice cases. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) *Lipsey* stated that a cause of action accrues in medical malpractice cases when the person injured learns of his injury, or should reasonably have learned of it. The court stated:

> "The reason for the application of the discovery rule is the same in each instance. It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists. This is true whether the malpractice consists of leaving a foreign object in the body or whether it consists of faulty diagnosis or treatment." *Lipsey*, 46 Ill. 2d 32, 41.

■█ In a more recent case, *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 710, 375 N.E.2d 934, 938, the court interpreted what the *Lipsey* court stated in reference to the phrase "learns of the injury." *Roper* interpreted that phrase as intending to express that the statute of limitations begins to run "when there is a concurrence of the actual or constructive knowledge of both the physical problem and the possibility that someone is at fault for its existence." *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816, and *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261, both reiterated the conclusion advanced by the *Roper* court.

Defendant contends that *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144, is controlling in this case. We disagree. In *Ilardi* plaintiff complained of the alleged negligence of several doctors in operating on her feet. Plaintiff developed a separation of the web between the first and third toes of both feet. One doctor told her that her

toes would heal, but instead of healing she developed a separation between the first and second toes of both feet. The doctor offered to reoperate, but plaintiff declined. She remained in his care for another year, at which time she sought the advice of her family physician. Thereafter, she consulted various specialists about her condition. She argued that the first time she had reasonable grounds to believe her injury was the result of the operation was more than 2 years later. She asserted that the statute of limitations begins to run when the plaintiff either knows, or reasonably should know, that her injury was caused by defendants' negligence. The *Ilardi* court stated that in *Lipsey* a cause of action accrues "when the person injured *learns of his injury* or should reasonably have learned of it." (Emphasis added.) *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, 455.

In *Ilardi*, plaintiff admitted in her complaint that she learned of her injury shortly after the operation, more than 3½ years before she brought suit. Citing *Ilardi*, another court stated:

> "Having actual knowledge of the injury she would have reason to know that the operating doctors might be responsible. The statute of limitations began to run with her knowledge of the injury." (*Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 160, 387 N.E.2d 1263, 1267.)

*Ilardi* can clearly be distinguished from the instant case.

Defendant further contends that the amputation of plaintiff's leg was a "traumatic event" and, therefore, should follow the law applicable in such cases. The courts have held that a cause of action accrues for personal injuries resulting from a traumatic event at the time the plaintiff was injured. *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 558, 309 N.E.2d 550, 556.

We prefer to follow the view of *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 813, 380 N.E.2d 816, 818, where the court stated that the classification of an injury as traumatic or nontraumatic, alone, is of no significance. The only benefit that could be obtained from that classification would be in determining when the plaintiff discovered, or should have discovered, that the injury was caused by the wrongful conduct of defendant. Courts have been holding that the more obvious the injury the more easily a plaintiff should be able to determine its cause. *Berry*, 56 Ill. 2d 548, 559.

One recent case which used the terminology "traumatic event" found that because of the obviousness of the physical injury plaintiff could have found the cause for such an injury. (*Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 699, 392 N.E.2d 440, 444.) In that case, plaintiff was born prematurely and placed in an incubator. An uncontrolled flow of oxygen was given to her, and because of that

excessive amount of oxygen she became blinded in both eyes. Plaintiff was 22 years of age when she brought the suit. She alleged she had no knowledge that her blindness might have been caused by defendants, until a magazine article was read to her linking the possible causation to a negligent act. The court held that such a physical problem was the result of a *traumatic event* because of another's wrongful act. The court stated that by making an inquiry plaintiff could have learned before her 20th birthday that her blindness was caused by improper treatment at the hospital when she was born.

■■ In view of the cases cited, we find the controlling rule to be that the limitations period does not begin to run in malpractice cases until the injured party discovers, or should reasonably have discovered, not only the nature of the injury but also the possibility that it was wrongfully caused. *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 710, 375 N.E.2d 934, 938.

Whether plaintiff should have known the negligent cause of her injury prior to September 23, 1974, is a question of fact. See *Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 395 N.E.2d 964; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 165, 387 N.E.2d 1263, 1271.

Plaintiff entered Cook County Hospital for treatment of a kidney infection in January 1973. In the process of running tests on her, the dye that was injected into her right leg caused a blood clot which necessitated the amputation of part of her right leg. Her complaint alleged that she was a known diabetic, and defendant should have known that blood clots could present future problems for her. In light of the fact of plaintiff's diabetic tendencies, it was possible for her to have her leg amputated and reasonably believe it was caused by her diabetic condition. This possibility was enough to prevent her from knowing or suspecting the negligence of the hospital in administering the dye test to her.

> "In many cases the nature and circumstances of the injury render its cause obvious to the injured party at the time of the occurrence. However, the nature and circumstances of the injury may be such that its cause is unknown or apparently innocent at the time it occurs. In the latter type of situation it would be 'manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had the opportunity to discover that it exists.'"

*Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 813, 380 N.E.2d 816, 819.

There is nothing in the pleadings that suggests she should have reasonably become aware of the connection between the dye test and the amputation of her leg. It would be quite reasonable for plaintiff, a diabetic, to assume the amputation was a result of her diabetes and not the defendant's negligence. It was not until plaintiff discovered the

amputation was due to another's negligence that she should be imputed with knowledge of her right to a cause of action. Whether she discovered, or should have discovered, prior to September 23, 1974, that her injury was due to defendant's conduct is a question of fact to be determined by the trier of fact, based on the particular facts and circumstances of this case.

Therefore, we find that plaintiff's cause of action was not barred by the applicable statute of limitations and should not have been dismissed by the trial court.

Defendant further asserts that the necessary notices were not timely filed under the Local Governmental and Governmental Employees Tort Immunity Act. In reviewing the record, we find that notices to defendant and the County of Cook were filed within the statutory time period.

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's cause of action is reversed and remanded to the trial court for a trial on its merits.

Reversed and remanded.

JIGANTI, P. J., and LINN, J., concur.