**Carolyn Y. GLOVER**

v.

**MERCK & CO., INC.**

**No. 03–CV–5166 JMR/FLN.**

United States District Court,
D. Minnesota.

Oct. 8, 2004.

Ronald Goldser for Plaintiff.

Scott Smith and Norman Kleinberg for Defendant.

### ORDER

ROSENBAUM, Chief Judge.

This matter is before the Court on defendant's motion for judgment on the pleadings. The Honorable Franklin L. Noel, United States Magistrate Judge, issued a Report and Recommendation on August 31, 2004. Both parties made timely objections pursuant to Local Rule 72.1(c)(2).

Based upon a *de novo* review of the record herein, the Court adopts the Magistrate's Report and Recommendation. Accordingly, IT IS ORDERED that:

Defendant's motion for judgment on the pleadings [Docket No. 14] is denied.

### REPORT AND RECOMMENDATION

FRANKLIN L. NOEL, United States Magistrate Judge.

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on July 13, 2004, on Defendant's Motion for Judgment on the Pleadings [# 14]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendant's Motion for Judgment on the Pleadings [# 14] be denied.

### I. FACTUAL BACKGROUND

The Plaintiff, Carolyn Glover, is an Illinois resident. (Complaint, ¶ 1). Defendant Merck & Co., Inc., (Merck) is a pharmaceutical company incorporated in New Jersey, with its principal place of business in New Jersey. (*Id.* at ¶ 2). Merck researches, develops, manufactures, and markets prescription drugs, including the drug Vioxx, an anti-inflammatory analge-

sic. (*Id.* at ¶ 5). Ms. Glover brought this products liability diversity case after an injury she alleges was caused by taking Vioxx. The only connection between this case and Minnesota is that Merck sells and distributes its products in the state. Neither party contends that any acts or omissions relating to the facts of this case took place in the State of Minnesota.

In 1999, Ms. Glover obtained a prescription for Vioxx. (*Id.* at ¶ 7). She took the drug, as prescribed, until October 23, 2000, at which time she was hospitalized for chest pain. (*Id.*). A few days later, it was determined that Ms. Glover had suffered a deep venous thrombosis in her left leg and pulmonary embolus in the right pulmonary artery, followed by pulmonary infarction. (*Id.*).

Ms. Glover alleges that Merck knew about adverse health effects related to Vioxx, but concealed the risks in order to compete with comparable products manufactured by other companies. (*Id.* at ¶ 9–10). A study presented by the European United League Against Rheumatism in June of 2000, showed that Vioxx resulted in a statistically significant increase in hypertension and myocardial infarction. (*Id.* at ¶ 12). In August of 2001, the Journal of the American Medical Association published a study by the Cleveland Clinic Foundation, showing a risk of a thrombotic cardiovascular event among Vioxx users, such as myocardial infarction, unstable angina, cardiac thrombus, etc. (*Id.* at ¶ 15). Ms. Glover alleges that she first knew that Vioxx contributed to her injury in April 2003, when her counsel received an expert medical opinion that her condition was caused in whole or part by Vioxx. (Pl.'s Reply to Def.'s Mot. for J. on the Pleadings, 4).

Ms. Glover filed a Complaint in the District of Minnesota on September 3, 2003, nearly three years after her injury. [#1]. She asserts five causes of action: negligence; strict liability; misrepresentation and suppression; breach of warranty; and fraud. Merck has moved for judgment on the pleadings for Counts I, II, III, and V (everything except the claim for breach of warranty). Merck asserts that we should apply Illinois' two year statute of limitation, under which Ms. Glover's claims would be time-barred. Ms. Glover argues that the statute of limitations has been satisfied under either Minnesota or Illinois law, and there is no conflict between the laws. Alternatively, she states that if there is a conflict between the laws, the Minnesota statute of limitations applies, and her claims are not time–barred. We conclude that the Minnesota statute of limitations should apply, and the claims do not need to be dismissed.

## II. STANDARD OF REVIEW

■ Merck has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *See St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir.1988). The court is to accept as true all of the facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. *See United States v. Any and All Radio Station Transmission Equipment*, 207 F.3d 458, 462 (8th Cir. 2000). A court should only grant a motion for judgment on the pleadings where the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, a court should generally ignore materials outside the pleadings, but it may consider materials that are part of the public record. *See*

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999).

## III. LEGAL ANALYSIS

In a diversity case such as this, federal courts apply the forum state's choice-of-law rules. *See Retail Associates, Inc. v. Macy's East, Inc.*, 245 F.3d 694, 697 (8th Cir.2001) (citing *Gateway W. Ry. Co. v. Morrison Metalweld Process Corp.*, 46 F.3d 860, 863 (8th Cir.1995)). We will apply Minnesota choice-of-law principals to determine which state's statute of limitations to apply, Illinois or Minnesota.

 Before applying the choice-of-law analysis, a court must first determine whether or not the laws of the two states conflict. *See Jepson v. Gen. Cas. Co. of Wisconsin*, 513 N.W.2d 467, 469 (Minn. 1994); (citing *Myers v. Gov't Employees Ins. Co.*, 302 Minn. 359, 225 N.W.2d 238, 241 (1974)). A conflict exists if the rule of one state or the other is outcome determinative. *See Myers*, 302 Minn. 359, 225 N.W.2d at 241. If there is a conflict, then

Minnesota applies its conflict-of-laws analysis. Minnesota law also requires us to consider whether the rule of each state may be constitutionally applied. *See Jepson*, 513 N.W.2d at 469 (cited in *Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.*, 590 N.W.2d 670, (Minn.Ct.App.1999)). Each state must have significant contacts or significant aggregation of contacts, creating a state interest, so that the choice of law is neither arbitrary nor fundamentally unfair. *See Nodak Mut.*, 590 N.W.2d at 672 (citing *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981)).

While not entirely free from doubt, the Court concludes there is a conflict between Illinois and Minnesota law in this case.[1] Illinois has significant contacts with this case because Ms. Glover is an Illinois resident and ingested Vioxx while living in Illinois. There are also contacts with Minnesota, Merck sold its products, and specifically Vioxx, in Minnesota, and did business in Minnesota. In other words,

---

1. In Minnesota, the statute of limitations is six years for negligence, and four years for products liability. *See* Minn.Stat. § 541.05, subd. 1 and 2. Under either provision, Ms. Glover's claims would not be time barred in Minnesota. However, in Illinois there is a two year statute of limitations for tort claims. *See* 735 Ill. Comp. Stat. Ann. 5/13–202. Merck argues that Ms. Glover's claims under Illinois law are time barred because the cause of action accrued at the time of injury, or October 2000. Ms. Glover argues that the two state's laws don't conflict because in either state a cause of action does not accrue until the plaintiff knows or has reason to know that he or she has an injury that was caused by the wrongful act of another, known as the discovery rule. *See Cox v. Kaufman*, 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 571 N.E.2d 1011 (1991). However, it is not clear whether or not the discovery rule applies to this case. The Illinois Supreme Court has held that the discovery rule does not apply to a sudden traumatic injury, such as car accidents. *See Golla v. Gen. Motors Corp.*, 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 899 (1995). Il-

linois courts have refused to apply the discovery rule to some medical malpractice or drug products liability claims, stating that such injuries are sudden and traumatic. *See e.g. Ikenn v. Northwestern Mem'l Hosp.*, 73 Ill. App.3d 694, 29 Ill.Dec. 883, 392 N.E.2d 440 (1979); *Berry v. G.D. Searle and Co.*, 56 Ill.2d 548, 309 N.E.2d 550 (1974). However, in cases where a plaintiff could have attributed the cause of the sudden and traumatic injury to another cause, such as a preexisting condition, and would not have reason to know that their injury was wrongfully caused by another, courts are hesitant to apply the "traumatic event" rule. *See Pszenny v. Gen. Elec. Co.*, 132 Ill.App.3d 964, 88 Ill.Dec. 170, 478 N.E.2d 485 (1985); *Watkins v. Health & Hospitals Governing Comm'n*, 78 Ill.App.3d 468, 33 Ill.Dec. 895, 397 N.E.2d 228 (1979). It is unclear to this Court whether the discovery rule or the traumatic event rule would determine when Ms. Glover's cause of action accrued. We conclude that under Illinois law and *Berry*, that Ms. Glover's claims would be time barred by the two year statute of limitations.

Merck, "purposefully avail[ed] itself of the privilege of conducting activities within Minnesota." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). While it is true that Minnesota's contacts with this case may be less significant than for Illinois, (considering that neither party is a resident and none of the events or allegedly tortious acts occurred here), Merck's contacts with Minnesota are sufficient for constitutional purposes. Both states have significant contacts, which makes the application of either state's law constitutional.

■ After determining that there is a conflict between Illinois and Minnesota law, and that it would be constitutionally permissible to apply either state's law, we next turn to Minnesota's choice-of-law analysis. Under Minnesota conflicts law, the Court must first decide if the rule of law at issue is substantive or procedural. *See Danielson v. Nat'l Supply Co.,* 670 N.W.2d 1, 5 (Minn.Ct.App.2003). If the issue is substantive, then the court is to apply a "multi-step choice-of-law analysis, which includes application of five choice-influencing considerations, to determine which state's law applies." *Id.* (citing *Jepson,* 513 N.W.2d at 469). However, if the issue is procedural, then Minnesota applies the law of the forum state. *See id.* The problem presented in this case, is whether or not the Minnesota Supreme Court treats a statute of limitations issue as substantive or procedural, a somewhat unsettled question in Minnesota case law.

The traditional rule is that statute of limitations issues are procedural, and that was the position adopted by the Minnesota Supreme Court in 1940. *See Danielson,* 670 N.W.2d at 5 (citing *In re Daniel's Estate,* 208 Minn. 420, 294 N.W. 465, 469 (1940)). The Minnesota Supreme Court reaffirmed that rule again in 1963. *See Am. Mut. Liab. Ins. Co. v. Reed Cleaners,* 265 Minn. 503, 122 N.W.2d 178, 180 n. 1 (1963). Neither of those cases have been overruled by the Supreme Court.

The Minnesota Court of Appeals, however, has recognized a more recent, modern trend, which is to treat statute-of-limitations issues as substantive. This is the rule that Merck urges us to adopt in this case. In 1988, over twenty years after the Minnesota Supreme Court last visited the issue, the Restatement of Conflict of Laws was revised to provide that a forum state should apply its own statute of limitations permitting the claim, unless the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence. *See* Restatement (Second) of Conflict of Laws § 142 (1988). Based on the Restatement, the Minnesota Court of Appeals in 2003 stated, "courts are increasingly recognizing that the statute of limitations is outcome determinative, that it may be inappropriate to use the procedural classification, and that determining what statute of limitations is to be applied should be decided the same as substantive law conflicts generally." *Danielson,* 670 N.W.2d at 6. The court also noted that the Minnesota Supreme Court "has shown some inclination to apply the choice-influencing considerations analysis." *Id.* Specifically, the court of appeals noted that in *Myers v. Gov't Employees Ins. Co.,* 302 Minn. 359, 225 N.W.2d 238, 241 (1974), the Minnesota Supreme Court applied the substantive choice-of-law analysis to determine that a Louisiana direct action statute should apply. The *Myers* court analyzed the direct action statute, as well as a statute of limitations issue, under the five choice-influencing considerations. The *Myers* court did not cite nor specifically overrule the traditional rule that statutes of limitations issues are procedural and governed by the law of the forum. Based on these cases, the Minnesota Court of

Appeals in *Danielson,* analyzed the statute of limitations issue under both the traditional, procedural approach, as well as the substantive, choice-influencing factors approach. *See Danielson,* 670 N.W.2d at 6–7. In the conclusion, the *Danielson* court determined that, in that case, the Minnesota statute of limitations applied under either the traditional or the modern rule. *See id.* at 9. However, the court went on to state, "[b]ecause our supreme court generally favors use of the choice-influencing consideration analysis and because of the shift to this choice of law approach, we follow § 142 of the Restatement, which applies the choice-influencing consideration analysis to statute of limitations conflicts." *Id.*

 Merck urges us to apply the modern choice-influencing approach and treat the statute of limitations issue as substantive. Ms. Glover argues that the traditional rule still applies and that statute of limitations issues are procedural. Because we cannot be certain how the Minnesota Supreme Court would treat the issue in light of the revised Restatement of Conflict of Laws, we conclude that the traditional rule as stated by the Supreme Court in *Daniel's Estate* is still the law of Minnesota. The statute of limitations issue is procedural. Neither *Daniel's Estate* nor *Reed Cleaners* have been overruled by the Minnesota Supreme Court, and those cases both state that the choice-of law rule for statute of limitations issues is procedural and governed by the forum state. Those cases still represent the law on the issue.

Applying the traditional rule followed by the Minnesota Supreme Court to the instant case, the statute of limitations issue is procedural, and the Court will not engage in a choice-influenced factored analysis. The Court will simply apply the law of the forum state. The law of the forum state, Minnesota, provides that Ms. Glover's claims were brought within the time period for the statute of limitations and are not time-barred. The Defendant's Motion for Judgment on the Pleadings should be denied.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings [# 14] be **DENIED.**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals. August 31, 2004.