NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008[*]
Decided March 19, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2015

|  |  |
|---|---|
| | Appeal from the United States District |
| GREGORY PARISH, | Court for the Northern District of |
| *Plaintiff-Appellant*, | Illinois, Eastern Division. |
| | |
| *v.* | No. 06 C 1690 |
| | |
| MOTOROLA, INC., | Rebecca R. Pallmeyer, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Gregory Parish worked as a design engineer for Motorola, Inc. In late 2002 and early 2003, his supervisors gave him an unfavorable employment evaluation. They determined, among other things, that he "need[ed] improvement" and was "confrontational," and they

---

[*]On March 13, 2008, Parish filed a motion requesting oral argument. After examining the briefs and the record, however, we have concluded that oral argument is unnecessary. Thus, Parish's motion for oral argument is denied, and the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

therefore identified him as part of the "least effective" 10% of employees.  Similar assessments followed during an ongoing Performance Improvement Plan instituted by the supervisors.  All these criticisms, however, came before the end of April 2003.  Parish resigned from his position on August 27, 2003, and just over two years later, on August 29, 2005, he sued Motorola alleging that the supervisors' statements amounted to defamation, libel, and fraudulent misrepresentation.  He also alleged that he suffered from further defamation because, while he was seeking unemployment benefits, Motorola informed the Illinois Department of Employment Security ("IDES") that he had resigned for health reasons.  The district court granted summary judgment to Motorola, concluding that Parish's claims regarding statements about his work performance were untimely, that Motorola's statement to the IDES was privileged, and that Parish failed to identify evidence of fraudulent misrepresentation.  We affirm.

We must first determine the appropriate law to apply to this  case.  Parish initially sued in Minnesota state court.  Motorola removed the suit to federal court based on diversity jurisdiction and then successfully transferred it to the Northern District of Illinois.  In such a case, the district court applies the law of the transferor court, which would have applied the law of the state where it sits.  *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 383 (7th Cir. 2003).  Thus the district court properly looked to Minnesota law.

For procedural matters, including statutes of limitations, Minnesota applies its own law.  *See Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 5-6 (Minn. Ct. App. 2003).  The applicable Minnesota statute of limitations for defamation and libel actions is two years and begins from the time of publication.  *See Wild v. Rarig*, 234 N.W.2d 775, 447-450 (Minn. 1975); *Semler v. Klang*, 743 N.W.2d 273, 280 (Minn. Ct. App. 2008); *Wenigar v. Johnson*, 712 N.W.2d 190, 209 (Minn. Ct. App. 2006); *McGovern v. Cargill, Inc.*, 463 N.W.2d 556, 558 (Minn. Ct. App. 1990).  Parish testified at his deposition that he knew of all the alleged defamatory statements about his work performance by the end of April 2003, more than two years before he filed suit in August 2005.  Thus, his defamation and libel claims regarding the critiques of his supervisors are untimely.  Moreover, even if the Illinois statute of limitations applied, it allows only one year to file suit, and Parish's claims would still be untimely.  *See* 735 ILCS 5/13-201; *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1222 (Ill. 1996).

The remainder of Parish's claims are timely, and so we examine them on their merits.  To determine the appropriate substantive law, Minnesota applies a five-factor choice-of-law balancing test.  *Danielson*, 670 N.W.2d at 5-6.  In this case, the factors immediately point to the application of Illinois law: the entire employment relationship between Parish and Motorola occurred in Illinois, all the statements in question were made in Illinois, and Parish moved to Minnesota only after his resignation and then sued there.  Therefore, Illinois has a higher governmental interest both in the employer/employee relationship and

in the allegedly defamatory statements made within its territory about a plaintiff also within its territory.  This choice also aligns with the most probable expectation of the parties during employment and at the time the statements were made.

Parish's claim regarding Motorola's statement to IDES that he resigned for medical reasons is barred by statute in Illinois.  Under 820 ILCS 405/1900.1 this statement was privileged and not subject to a suit for defamation unless it was false and malicious in intent.  *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 699 (7th Cir. 2006); *Cianci v. Pettibone Corp.*, 698 N.E.2d 674, 679-80 (Ill. App. Ct. 1998).  To prove maliciousness, Parish must demonstrate "a direct intent to injure another or a reckless disregard of the defamed party's rights and of the consequences that may result."  *Cianci*, 698 N.E.2d at 679-80.  He does not direct us to any proof of maliciousness, and as a result there is no dispute of material fact as to this issue.

Lastly, Parish's claim of fraudulent misrepresentation also fails because of a lack of evidence.  One of the elements that Parish must prove to establish fraudulent misrepresentation is that he relied on the truth of Motorola's statements about his work performance.  *See Kopley Group V., L.P. v. Sheridan Edgewater Props., Ltd.*, 876 N.E.2d 218, 228 (Ill. App. Ct. 2007).  But Parish does not direct us to any evidence that he ever relied upon Motorola's statements.  As the district court pointed out, Parish admitted that he felt his supervisors' statements about him were false all along.

AFFIRMED.