*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1879**

In re the Matter of:
Sheikh Bilaal Muhammad Arafat, petitioner,
Appellant,

vs.

Fadumo Noor,
Respondent.

**Filed May 11, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-FA-14-4121

Sheikh Bilaal Muhammad Arafat, Springfield, Missouri (pro se appellant)

Fadumo Noor, Seattle, Washington (pro se respondent)

Considered and decided by Connolly, Presiding Judge; Chutich, Judge; and Worke, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

In this child custody matter, appellant Sheikh Bilaal Muhammad Arafat challenges a district court order declining to exercise jurisdiction as an inconvenient forum. Because the record supports this decision, we affirm.

**FACTS**

Arafat is currently a federal prisoner in Missouri with eight years left of his sentence. Arafat and respondent Fadumo Noor are the parents of W.M.N., born in 2009. In June 2014, Arafat filed a petition to establish custody, requesting joint legal custody, sole physical custody to Noor, and reserving parenting time until his release.

In July 2014, the district court held an initial case management conference with the parties appearing by telephone. Noor reported that she and W.M.N. now live in Seattle, Washington, and have resided there since June 2013. Following the conference, the district court questioned its jurisdiction and gave the parties 30 days to submit affidavits establishing the prerequisites for it to exercise jurisdiction under Minnesota Statutes section 518D.201 (2014).

Arafat submitted a statement asserting that Noor and W.M.N. still reside in Minnesota but offered no supporting evidence. Noor did not submit an affidavit. In August 2014, the district court issued an order requiring Noor to submit an affidavit detailing her move to Washington. This order also stated that if Noor did not respond, it would determine whether to exercise jurisdiction based on the record before it. Noor again did not file an affidavit.

In October 2014, the district court declined to exercise jurisdiction over this matter. It stated that even if it had jurisdiction, the record before it supported a finding that Minnesota is an inconvenient forum. The district court further noted that Arafat will not be able to appear in person for eight years, and the best information suggested that

2

Noor and W.M.N. live in Washington. The district court found Arafat's speculation that Noor plans to return to Minnesota unpersuasive. Arafat appealed.

## DECISION

Arafat argues that the district court abused its discretion by declining to exercise jurisdiction in this matter. A district court may decline to exercise jurisdiction over a child custody action if it determines that it is an inconvenient forum and another state is a more appropriate forum. Minn. Stat. § 518D.207(a) (2014). A district court may raise this issue on its own motion. *Id.* A district court has broad discretion to decline to exercise jurisdiction as an inconvenient forum and will not be reversed absent an abuse of that discretion. *Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 9-10 (Minn. App. 2003), *review denied* (Minn. Dec. 16, 2003).

Arafat claims that the district court abused its discretion because it erroneously relied on Noor's "ipse dixit"[1] assertions that she and W.M.N. now live in Washington. But the only support for Arafat's contention that Noor lives in Minnesota is his own "ipse dixit" assertions that she does not live in Washington. The district court did not abuse its discretion by finding his claims unpersuasive. *Cf. Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (stating that appellate courts defer to district courts' credibility determinations).

Arafat's claim that Noor resides in Minnesota because she was served in Minnesota is also meritless. Noor was not personally served in Minnesota; Noor's sister

---

[1] "Ipse dixit" is a Latin phrase defined as "[s]omething asserted but not proved." *Black's Law Dictionary* 905 (9th ed. 2009).

accepted service at the address that Arafat provided.  The sister then telephoned Noor to inform her that she received a custody petition from Arafat.  These facts do not support Arafat's claim that Noor still resides in Minnesota.

Arafat further contends that the district court abused its discretion because it ignored its order requiring Noor to submit documentation of her move to Washington, which she failed to provide to the district court.  But this claim also fails.  The district court cautioned Noor that if she did not provide this documentation, it would decide the issue based on the record before it.  The district court then followed its word and ruled accordingly even though Noor did not respond.

In sum, because Arafat's assertions that Noor resides in Minnesota are unsupported and unsubstantiated, the district court properly exercised its discretion in declining to exercise jurisdiction.

**Affirmed.**

4